No. 737
WADE v. WALDEN et al
Ohio Appeals, Third District, Seneca County
No. 138. Decided June 11, 1923

This opinion has not been published except in Abstract.
257. MORTGAGES.

Mortgagee is not entitled to rents and profits unless specific provision is made therefor in mortgage deed, 37 OS. 460—Annual crops are personality.

HUGHES, J.

Epitomized Opinion

April, 1920, Crawford was the owner of certain real estate in fee simple, which he mortgaged to Wade by an ordinary mortgage deed, but with no clause or provision covering the rents, issues and profits. Within a year thereafter he died, and his administrator filed a petition to sell the real estate to pay the debts. Wade filed an answer and cross-petition setting up his mortgage. The administrator leased the property in question upon a grain rent. Wade had a receiver appointed to collect the grain rent. The court ordered this rent, after costs and charges were paid, turned over to Crawford's heirs. Wade is seeking a reversal of this order upon the theory that as mortgagee he was entitled to it. In affirming the judgment, the Court of Appeals held:

If the mortgage does not expressly provide that rents and profits shall go to the mortgagee he is not entitled to them. Distinguishing 64 OS. 413.

2. Rents and profits of real estate which accrue after the testator's death, vest in his heirs, 37 OS. 460, 468.

3. It is, however, well settled in this state that emblements or annual cropps are to be considered as personality and are assets in the hands of the administrator.

Attorneys—Wade & Dillon, for Wade; Niles & Peters, for Walden et al.

---

No. 738
REYNOLDS v. DEFIANCE (City)
Ohio Appeals, Third District, Defiance County
No. 2. Decided June 21, 1923

This opinion has not been published except in Abstract.
259. MUNICIPAL LAW.

Rejection of proof of notice to city of defective condition of sidewalk, by testimony that other persons had slipped and fallen thereon, not error, where defect had been in existence a long time.

CROW, J.

Epitomized Opinion

Reynolds sued city of Defiance for damages on account of personal injuries sustained by her in falling on a sidewalk maintained by the city. Reynold's evidence disclosed that at the place where she fell the bricks were out of place and uneven and that, at the time she fell, snow had fallen and ice had formed which obscured her view of the walk; that she did not know of the defective condition of the sidewalk, and that the defective condition had existed for more than six years. The city's witnesses testified that there was no defect in the sidewalk, that the walk was covered with slippery ice and had been at that time of the year for five years.

Reynolds tendered evidence to show that at the place in the walk where she fell other persons had on prior occasions been seen to slip and fall. This evidence was rejected. When the evidence was offered Reynold's counsel stated it was for the purpose of showing notice to the city. Exclusion of this evidence was assigned as error. In affirming the judgment the Court of Appeals held:

1. We are clearly of opinion that the evidence was admissible for the purpose mentioned but the evidence of defendant as well as that of plaintiff made it so clear to the jury that if there was such a defect in the walk as plaintiff claimed there was at the time she was injured, it had existed so long that the excluded portion would not have been of any use to the jury. If counsel for plaintiff had not restricted the purpose of the excluded evidence to notice only a different situation would be presented, 50 OS. 560.

Attorneys—C. A. Thatcher, J. P. Cameron, for Reynolds; J. Y. Winn, D. F. Openlander, for City.